Wickham moved to quash the superse-deas which had been awarded, in this case, to the sheriff of Cumberland County on the second day of the last term, (ante, p. 210,) because it had been improperly issued, and, as he supposed, without a view of the whole case.
It appeared, from the record, that there had been an injunction in the High Court of Chancery to a judgment of the County Court of Cumberland; that the injunction had been dissolved, and afterwards the bill of the complainant dismissed; from which decree of dismission an appeal was granted, in vacation, by the present Judge of the Superior Court of Chancery for the Richmond District; but no supersedeas was awarded by him. The supersedeas awarded by this Court at the last term, being directed to the sheriff of Cumberland and restraining him from further proceedings on the judgment at law of that Court, was in effect, Mr. Wickham contended, the granting of a new injunction by this Court; because it tied up the sheriff’s hands, and prevented him from levying the execution. All that the supersedeas could have reached were the costs of the suit in Chancery, which were decreed against the complainant, upon dismissing his bill; the injunction having been previously dissolved, the judgment at law, of the Court of Cumberland was left free to operate.
* JUDGE TUCKER was of opinion that the supersedeas had been improperly awarded, not only for the reasons stated by Mr. Wickham, but because he did not conceive the Supreme Court of Appeals had power to award such a writ to stay proceedings on a judgment or decree of a County Court; that being the province of the Superior Courts of Common Law and Chancery, within their respective jurisdictions. He was therefore of opinion that the supersedeas be quashed.
JUDGE ROANE concurred in the opinion that the supersedeas had been improvidently awarded. He remarked that the attention of the Court had been drawn to a mere pcint of practice, whether a supersedeas-which was merely auxiliary to the proceedings of this Court, could be awarded in open Court, notwithstanding the act of the last session. The record was not opened at the last term, and the process, of course, had been awarded without due consideration.
JUDGE EEEMING concurred.
By the whole Court (JUDGE LYONS being absent, occasioned by indisposition), the supersedeas was quashed.